IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 16-201-02 |
| | : | |
| AZAD KHAN | : | |

**MEMORANDUM**

**STENGEL, C.J.**                                                                                       **December 18, 2017**

Azad Khan, M.D. was convicted by a jury on July 25, 2017 on one count of conspiracy and two counts of distribution of controlled substances. On September 6, 2017, Dr. Khan filed a Motion for a New Trial Pursuant to Rule 33.

Federal Rule 33 permits a court to "vacate any judgment and grant a new trial if the interest of justice so requires." The evidence on a motion to vacate a judgment is not evaluated in the light most favorable to the government. Rather, a new trial may be granted only if the verdict is against the weight of the evidence. United States v. Fattah, 233 F. Supp. 336, 342 (E.D.Pa. Oct. 20, 2016) (citing United States v. Johnson 302 F.3d 139, 150 (3d Cir. 1987)). Even if a court believes the verdict is against the weight of the evidence, a new trial will only be granted upon a showing of substantial prejudice, and when the interest of justice so requires. United States v. Georgiou, 777 F.3d 125, 143 (3d Cir. 2015); U.S. v. Maurizio, No. 16-1574, 2017 WL 3128487, at *3 (3d Cir. Jul. 24, 2017). The court in U.S. v. Salahuddin explained:

> A district court can order a new trial on the ground that the jury's verdict is contrary to the weight of evidence only if it "believes that there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted."

765 F.3d 329, 346 (citing Johnson 302 F.3d at 150) (quoting United States v. Santos, 20 F.3d 280, 285 (7th Cir. 1994)). Motions for a new trial based on the weight of the evidence are disfavored and are to be granted "sparingly and only in exceptional cases." United States v. Brennan, 326 F.3d 176, 189 (3d Cir. 2003) (quoting Gov't of V.I. v. Derricks, 810 F.2d 50, 55 (3d Cir. 1897)).

Essentially, Dr. Khan argues that testimony or argument that he distributed approximately 15,000 doses of Klonopin was inconsistent with the evidence and overstates his criminal activity. He argues that he only dispensed 3,000 to 4,000 doses of Klonopin. The defendant did not provide any evidence at trial. He provides no evidence to support his motion.

Whether Dr. Khan distributed 3,000 doses of Klonopin or 15,000 doses of Klonopin is irrelevant. In truth, the evidence at trial supports the government's argument, and a reasonable conclusion, that Dr. Khan distributed a substantial number of Klonopin doses. The evidence at trial showed that Dr. Khan worked a certain number of days in Dr. Summers' clinic, and that he prescribed a certain amount of Klonopin on each day when he worked at the clinic. Specifically, Dr. Khan saw 25 or more patients, or customers, each day. At 90 doses per customer per month, 15,000 doses would represent a modest number of working days at the Summers' clinic. The evidence suggests that

2

Khan was in the clinic frequently. The evidence is strong to support the conclusion that he did in fact, distribute 15,000 doses or more of Klonopin. The prescription records were summarized by DEA Agent Gobin, who testified credibly at trial.

Regardless of the number of doses, there is no impact on the sentencing guidelines. That is, there is no guideline enhancement for 15,000 doses of Klonopin as opposed to 3,000 doses of Klonopin. The evidence at trial strongly supports a conclusion that Dr. Khan was fully engaged, very active and well aware of the activities at the Summers' clinic. His Motion for a New Trial is without any merit and will be denied.