# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL ACTION NO. 16-CR-201-2 |
| | : |
| AZAD KHAN | : |

## MEMORANDUM

**Gene E.K. Pratter, J.**                                          **September 18, 2020**

       Azad Khan has filed a letter dated May 15, 2020[1] stating his request for an extension of time to file a petition for relief pursuant to 28 U.S.C. § 2255. This Court cannot grant his extension request at this time.

       Mr. Khan's submission states he plans file a petition for relief pursuant to 28 U.S.C. § 2255. While this Court has the discretion to "permit an amendment to a petition to provide factual clarification or amplification after the expiration of the statute of limitations," *Anderson v. Pa. AG,* 82 Fed. Appx. 745, 751 (3d Cir.2003), timeliness in the habeas context must be addressed on a "claim-by-claim" basis. *Mayle v. Felix*, 545 U.S. 644, 649, 664 (2005). While Mr. Khan's present request for extension of time may be a layperson's effort to advance an equitable tolling argument, the Court does not have sufficient information at this time to rule on whether the claims in his proposed subsequent petition will relate back to any argument included in the present motion.

       Mr. Khan appears to recognize that there is a one-year statute of limitations for the filing of a petition for *habeas corpus* relief. 28 U.S.C. § 2244(d)(1). When faced with a motion for

---

[1] The Court regrets that administrative miscues and gaps in the District's clerical services has led to this unfortunate delay in addressing Mr. Khan's applications. The clerk's office's delays will not prejudice Mr. Khan's efforts.

extension of time, this Court must apply the same standard it would apply if a petitioner was arguing that he should be entitled to equitable tolling. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013). The one-year statute of limitations may be extended when a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). Though not necessarily conclusive, the request for extension of time may be evidence of petitioner's diligence in pursuit of federal *habeas* relief. However, the record currently before this Court is insufficient for an assessment of the "extraordinary circumstances" that Mr. Khan may have been facing; nor is the record is complete as to the issue of his diligence.

If Mr. Khan wishes to file a petition for *habeas corpus* relief, he is obligated under Local Civil Rule 9.3(b) and Rule 2 of the Rules Governing Section 2255 Cases in the United States District Courts to use the current standard 28 U.S.C. § 2255 form. Use of the Court's current standard form in proceedings under 28 U.S.C. § 2255 is necessary to insure that a petitioner is made aware of the warnings required pursuant to *United States v. Thomas*, 221 F.3d 430 (3d Cir. 2000) (relating to the statute of limitations set forth in 28 U.S.C. § 2244(d)); and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000) (relating to limitations on the right of the petitioner to file a "second or successive" petition.) The Court notes that the specific *Thomas* and *Mason* warnings are included in the introductory text of the current standard form.

Contemporaneously with this Memorandum, the Court is entering an order consistent with it.

BY THE COURT:

GENE E.K. PRATTER
United States District Judge