IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL ACTION NO. 16-CR-201-2 |
| | : |
| AZAD KHAN | : |

## ORDER

**AND NOW** this 22nd day of September, 2020, **IT IS ORDERED** that:

1. Mr. Khan's request for extension of time (ECF No. 145) is **DENIED WITHOUT PREJUDICE** to his right to present these same facts in support of an equitable tolling argument;

2. The Clerk of Court shall promptly furnish Mr. Khan with a blank copy of the Court's current standard form for filing a petition pursuant to 28 U.S.C. § 2255 bearing the above-captioned criminal action number;

3. Mr. Khan shall complete this Court's current standard form of petition as directed by Local Civil Rule 9.3(b) and Rule 2 of the Rules Governing Section 2255 Cases in the United States District Courts, sign the completed petition, and return it to the Clerk of Court within 30 days of the date of this Order, failing which Mr. Kahn's proposed arguments will not be entertained[1]

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

---

[1] This Order does not relieve petitioner of his on-going obligation to pursue his rights diligently. If petitioner wishes to pursue relief under 28 U.S.C. § 2255, he should act with the "reasonable diligence" required by the law. The allowance of 30 days prior to a dismissal for failure to prosecute should not be construed as a determination that 30 days is a reasonable time for the diligent pursuit of petitioner's claims.